IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED DYNAMIC INTERFACES LLC<br><br>       Plaintiff,<br><br>       v.<br><br>ADERAS INC.,<br>APPS ASSOCIATES LLC,<br>BURLESON ENTERPRISES INC.,<br>C2 CONSULTING INC.,<br>C3 BUSINESS SOLUTIONS INC.,<br>CENTROID SYSTEMS INC.,<br>ENKITEC GROUP LLC,<br>GB ADVISORS LLC,<br>THE JAMES GROUP LLC,<br>JSA2 SOLUTIONS LLC,<br>KONOSO LLC,<br>LINSONIC LLC,<br>MAULI SYSTEMS INC.,<br>MYTHICS INC.,<br>NIANTIC SYSTEMS LLC,<br>PENWICK REALTIME SYSTEMS INC.,<br>ROLTA-TUSC INC.,<br>SKILLBUILDERS INC.,<br>SUMNER TECHNOLOGIES LLC and<br>VISTA TECHNOLOGY SERVICES INC.<br><br>       Defendants. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Advanced Dynamic Interfaces LLC ("ADI" or "Plaintiff"), by way of Complaint

against the above-named defendants (collectively "Defendants"), alleges the following:

**NATURE OF THE ACTION**

    1.     This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff ADI is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, Texas 78664.

3. Defendant Aderas Inc. ("Aderas") is a corporation organized under the laws of the State of Virginia with its principal place of business at 12100 Sunset Hills Road Suite 340, Reston, Virginia 20190.

4. Defendant Apps Associates LLC ("Apps Associates") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 40 Nagog Park Suite 105, Acton, Massachusetts 01720.

5. Defendant Burleson Enterprises Inc. ("Burleson") is a corporation organized under the laws of the State of North Carolina with its principal place of business at 2729 Rocky Ford Rd., Kittrell, North Carolina 27544.  On information and belief, Burleson operates under the name Burleson Consulting.

6. Defendant C2 Consulting Inc. ("C2") is a corporation organized under the laws of the State of Delaware with its principal place of business at 373 Main Street, Hingham, Massachusetts 02043.

7. Defendant C3 Business Solutions Inc. ("C3") is a corporation organized under the laws of the State of California with its principal place of business at 3130 S. Harbor Blvd. Suite 500, Santa Ana, California 92704.

8. Defendant Centroid Systems Inc. ("Centroid") is a corporation organized under the laws of the State of Michigan with its principal place of business at 900 Wilshire Dr. Suite 273, Troy, Michigan 48084.

9. Defendant Enkitec Group LLC ("Enkitec") is a limited liability company organized under the laws of the State of Texas with its principal place of business at 5605 N. MacArthur Blvd. Suite 600, Irving, Texas 75038.

10. Defendant GB Advisors LLC ("GB Advisors") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at Villa Clementina, J-47 Camino Alejandrino, Guaynabo, Puerto Rico 00969.

11. Defendant The James Group LLC ("The James Group") is a limited liability company organized under the laws of the State of Ohio with its principal place of business at 110 E. Wilson Bridge Road Suite 260, Worthington, Ohio 43085.

12. Defendant JSA2 Solutions LLC ("JSA2") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 11 Market St., Mashpee, Massachusetts 02649.

13. Defendant Konoso LLC ("Konoso") is a limited liability company organized under the laws of the State of Illinois with its principal place of business 610 W. Kimball Ave., Palatine, Illinois 60067.

14. Defendant Linsonic LLC ("Linsonic") is a limited liability company organized under the laws of the State of California with its principal place of business at 2741 Via Fiori, El Dorado Hills, California 95762.

15. Defendant Mauli Systems Inc. ("Mauli") is a corporation organized under the laws of the State of Connecticut with its principal place of business at 586 Redding Road, Redding, Connecticut 06896.

16. Defendant Mythics Inc. ("Mythics") is a corporation organized under the laws of the State of Virginia with its principal place of business at 1439 North Great Neck Road Suite 201, Virginia Beach, Virginia 23454.

17. Defendant Niantic Systems LLC ("Niantic") is a limited liability company organized under the laws of the State of New Jersey with its principal place of business at 11 Wilson Way, Princeton Junction, New Jersey 08550.

18. Defendant Penwick Realtime Systems Inc. ("Penwick") a corporation organized under the laws of the State of Texas with its principal place of business at 12808 W. Airport Blvd. Suite 325N, Sugar Land, Texas 77478.

19. Defendant Rolta-TUSC Inc. ("Rolta-TUSC") is a corporation organized under the laws of the State of Delaware with its principal place of business at 8720 Orion Place Suite 100, Columbus, Ohio 43240.

20. Defendant SkillBuilders Inc. ("SkillBuilders") is a corporation organized under the laws of the State of Delaware with its principal place of business at 213 Robinson Street floor 2, Wakefield, Rhode Island 02879.

21. Defendant Sumner Technologies ("Sumner") is a limited liability company organized under the laws of the State of Virginia with its principal place of business at 43190 Summersweet Place, Ashburn, Virginia 20148. On information and belief, Sumner operates or has operated under the name Sumneva.

22. Defendant Vista Technology Services Inc. ("Vista") is a corporation organized under the laws of the State of Delaware with its principal place of business at 13454 Sunrise Valley Drive Suite 110, Herndon, Virginia 20171.

## JURISDICTION AND VENUE

23. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

24. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

25. On information and belief, each Defendant is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this Judicial District, and by virtue of its regularly conducted and systematic business contacts in this State. As such, each Defendant has purposefully availed itself of the privilege of conducting business within this Judicial District; has established sufficient minimum contacts with this Judicial District such that it should reasonably and fairly anticipate being haled into court in this Judicial District; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

26. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## JOINDER

27. Joinder is proper under 35 U.S.C. § 299. The allegations of infringement contained herein arise, at least in part, out of the same series of occurrences relating to the use of the same accused products or processes, including but not limited to Application Express ("APEX") and products and services based on or using APEX.

28. Questions of fact common to all Defendants will arise in the action, including questions of fact relating to the infringement and validity of the ADI patents.

## COUNT I – INFRINGEMENT OF U.S. PATENT No. 7,026,502

29. The allegations set forth in the foregoing paragraphs 1 through 28 are hereby realleged and incorporated herein by reference.

30. On June 13, 2006, United States Patent No. 7,062,502 ("the '502 Patent"), entitled "Automated Generation of Dynamic Data Entry User Interface for Relational Database Management Systems," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '502 Patent is attached as Exhibit A to this Complaint.

31. ADI is the assignee and owner of the right, title and interest in and to the '502 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

32. In violation of 35 U.S.C. § 271(a), each Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '502 Patent by providing services and using products that practice the subject matter claimed in one or more claims of the '502 Patent (the "'502 Patent Accused Services and Products"), including but not limited to claim 13, in the United States, including within this Judicial District, without the authority of ADI. The '502 Patent Accused Services and Products include, but are not limited to, automatically generating a graphical user interface for a relational database using APEX; applications developed using APEX or that utilize APEX in their operation; and APEX.

33. ADI provided actual notice to each Defendant of its infringement of the '502 Patent in a letter sent by certified mail on July 6, 2012.

34. Each Defendant has had actual knowledge of the '502 Patent and its infringement of that patent since at least the date that each Defendant received the July 6, 2012 letter.

35. Upon information and belief, each Defendant has committed and continues to commit acts of contributory infringement of at least claim 13 of the '502 patent under 35 U.S.C. § 271(c) by providing products, including the '502 Patent Accused Services and Products, to others including, but not limited to, its customers knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '502 Patent, and have no substantial non-infringing uses.

36. In particular, the '502 Patent Accused Services and Products constitute a material part of the claimed invention at least because they implement an automatic graphical user interface generation feature which is used by each Defendant's customers to perform all of the steps recited in claim 13 of the '502 Patent.  The '502 Patent Accused Services and Products were made or especially adapted for use in an infringement of the '502 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of automatically generating a graphical user interface for a relational database as recited in claim 13 of the '502 Patent.  The use of the automatic graphical user interface generation features in such products by each Defendant's customers constitutes direct infringement of at least claim 13 of the '502 Patent.  Each Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from ADI notifying each Defendant that the use of the automatic graphical user interface generation feature in the '502 Patent Accused Services and Products infringed the '502 Patent.

37. Upon information and belief, each Defendant has induced and continues to induce others to infringe at least claim 13 of the '502 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to

PLAINTIFF ADVANCED DYNAMIC INTERFACES LLC's
COMPLAINT FOR PATENT INFRINGEMENT                                                             Page 7 of 12

infringe, including, but not limited to, each Defendant's customers whose use of the '502 Patent Accused Services and Products constitutes direct infringement of at least claim 13 of the '502 Patent.  In particular, each Defendant's actions that aid and abet others such as its customers to infringe include advertising and distributing the '502 Patent Accused Services and Products and providing instruction materials and training showing infringing uses of the '502 Patent Accused Services and Products.  On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each Defendant has had actual knowledge of the '502 Patent and that its acts were inducing its customers to infringe the '502 Patent since at least the date it received the notice letter from ADI notifying each Defendant that the automatic graphical user interface generation feature in the '502 Patent Accused Services and Products infringed the '502 Patent.

38. ADI has been harmed by each Defendant's infringing activities.

39. ADI provided notice of infringement of the '502 Patent to each Defendant, but each Defendant thereafter continued to infringe the '502 Patent.  On information and belief, each Defendant's infringement has been and continues to be willful.

## COUNT II – INFRINGEMENT OF U.S. PATENT No. 7,401,094

40. The allegations set forth in the foregoing paragraphs 1 through 39 are hereby realleged and incorporated herein by reference.

41. On July 15, 2008, United States Patent No. 7,401,094 ("the '094 Patent"), entitled "Automated Generation of Dynamic Data Entry User Interface for Relations Database Management Systems," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '094 Patent is attached as Exhibit B to this Complaint.

42. ADI is the assignee and owner of the right, title and interest in and to the '094 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

43. In violation of 35 U.S.C. § 271(a), each Defendant has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the '094 Patent by providing services and using products that practice the subject matter claimed in one or more claims of the '094 Patent (the "'094 Patent Accused Services and Products"), including but not limited to claim 15, in the United States, including within this Judicial District, without the authority of ADI.  The '094 Patent Accused Services and Products include, but are not limited to, automatically generating a graphical user interface for a relational database using APEX; applications developed using APEX or that utilize APEX in their operation; and APEX.

44. ADI provided actual notice to each Defendant of its infringement of the '094 Patent in a letter sent by certified mail on July 6, 2012.

45. Each Defendant has had actual knowledge of the '094 Patent and its infringement of that patent since at least the date that each Defendant received the July 6, 2012 letter.

46. Upon information and belief, each Defendant has committed and continues to commit acts of contributory infringement of at least claim 15 of the '094 patent under 35 U.S.C. § 271(c) by providing products, including the '094 Patent Accused Services and Products, to others including, but not limited to, its customers knowing or willfully blind to the fact that that these products constitute a material part of the invention, were especially made or especially adapted for use in an infringement of the '094 Patent, and have no substantial non-infringing uses.

47. In particular, the '094 Patent Accused Services and Products constitute a material part of the claimed invention at least because they implement an automatic graphical user interface generation feature which is used by each Defendant's customers to perform all of the steps recited in claim 15 of the '094 Patent. The '094 Patent Accused Services and Products were made or especially adapted for use in an infringement of the '094 Patent and have no substantial non-infringing uses at least because they contain components whose only purpose is to practice the claimed method of automatically generating a graphical user interface for a relational database as recited in claim 15 of the '094 Patent. The use of the automatic graphical user interface generation features in such products by each Defendant's customers constitutes direct infringement of at least claim 15 of the '094 Patent. Each Defendant has known or remained willfully blind to these facts since at least the date it received the notice letter from ADI notifying each Defendant that the use of the automatic graphical user interface generation feature in the '094 Patent Accused Services and Products infringed the '094 Patent.

48. Upon information and belief, each Defendant has induced and continues to induce others to infringe at least claim 15 of the '094 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to, each Defendant's customers whose use of the '094 Patent Accused Services and Products constitutes direct infringement of at least claim 15 of the '094 Patent. In particular, each Defendant's actions that aid and abet others such as its customers to infringe include advertising and distributing the '094 Patent Accused Services and Products and providing instruction materials and training showing infringing uses of the Accused Services and Products. On information and belief, each Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because each

Defendant has had actual knowledge of the '094 Patent and that its acts were inducing its customers to infringe the '094 Patent since at least the date it received the notice letter from ADI notifying each Defendant that the automatic graphical user interface generation feature in the '094 Patent Accused Services and Products infringed the '094 Patent.

49. ADI has been harmed by each Defendant's infringing activities.

50. ADI provided notice of infringement of the '094 Patent to each Defendant, but each Defendant thereafter continued to infringe the '094 Patent. On information and belief, each Defendant's infringement has been and continues to be willful.

## JURY DEMAND

ADI demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, ADI respectfully requests that this Court enter judgment for ADI and against each Defendant as follows:

a. An adjudication that each Defendant has infringed the '502 and '094 patents;

b. An award of damages to be paid by each Defendant adequate to compensate ADI for each Defendant's past infringement of the '502 Patent and '094 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

c. An injunction ordering each Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

d. An award of treble damages under 35 U.S.C. § 284;

e. A declaration finding this to be an exceptional case, and awarding ADI attorney fees under 35 U.S.C. §285; and

f. For such further relief at law and in equity as the Court may deem just and proper.

Dated:  July 20, 2012              STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
   stamoulis@swdelaw.com
Richard C. Weinblatt #5080
   weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*
*Advanced Dynamic Interfaces LLC*